# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GET-ER-DONE DRILLING, INC., a Pennsylvania Corporation, | Civil Action No. 2:16-cv-1426 |
| Plaintiff, | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| | ECF No. 7 |
| US CROSSING UNLIMITED, LLC, a Delaware Limited Liability Company, and MICHAEL LIND, an adult individual, | |
| Defendants. | |

## OPINION ON MOTION TO DISMISS COUNT VI
## AGAINST DEFENDANT US CROSSINGS UNLIMITED, LLC

LENIHAN, *Magistrate Judge*

Currently pending before the Court is Defendant US Crossings[1] Unlimited, LLC's Motion to Dismiss (ECF No. 7) the unjust enrichment claim brought against it in Count VI of the Amended Complaint. For the reasons set forth below, the Court will deny the motion to dismiss.

I. **RELEVANT FACTS**

Beginning on or about November 5, 2014, the parties entered into a series of verbal contracts regarding the provision of services by Plaintiff, Get-Er-Done Drilling,

---

[1] Although the caption of the Amended Complaint refers to Defendant as "US Crossing Unlimited, LLC" Plaintiff consistently uses the plural of "Crossings" in referring to Defendant in the body of the Amended Complaint, and Defendant also uses the plural form in all of its filings with the Court. Therefore, the Court assumes that the omission of the "s" from "Crossing" in the caption is a typographical error.

Inc., in the form of horizontal drilling and equipment rentals, to US Crossings on various jobs or projects in which US Crossings was under contract with a third party. (Am. Compl., ¶6, ECF No. 3.) In these verbal contracts, it was agreed that Defendant US Crossings would utilize a number of Plaintiff's pieces of equipment in exchange for 50% of the contract price of any such job or project.[2] (*Id.* at ¶7.) The parties further agreed that US Crossings would guarantee the return of all equipment as it was received. (*Id.* at ¶8.)

Essentially, when US Crossings needed to have a bore drilled at one of its projects, it would contact Plaintiff regarding the scope of the job and the parties would verbally agree on the cost. Once Plaintiff completed its work, it submitted its invoice to US Crossings for the agreed cost. US Crossings allegedly made partial or no payment on the submitted invoices, thus necessitating in this litigation. *See,* generally, Am. Compl., Count I (Maryland Job), Count II (Rice Job), Count VIII (Caldwell Job), Count XI (Clarksburg Job), Count XIV (Jewett Job), and Count XIX (Moundsville Job), and supporting invoices (Exs. A through R attached to Am. Compl., ECF Nos. 3-1 to 3-18). In each of these counts, Plaintiff has brought claims for breach of contract against US Crossings based on the parties' verbal agreements. In addition, Plaintiff has brought, in the alternative, claims for unjust enrichment against US Crossings, in the event that the Court finds that the verbal agreements referred to in Counts II, VIII, XI, XIV, and XIX do

---

[2] It appears that "50% of the contract price of any such job" is referring to the compensation US Crossings was to receive from the third party for work it agreed to perform for the third party on a particular job or project.

not constitute binding contracts.  *See*, generally, Counts III, IX, XII, XVI, and XVIII, & XX.[3]

Following Plaintiff's direct work in the Rice Job (*see* Count II),[4] in September of 2015, the parties verbally agreed that US Crossings could rent a 312 Caterpillar Hoe and additional equipment for four months for a share of the profits ("Rice Rental").  (Am. Compl., ¶40.)  During this time, Plaintiff also provided labor to US Crossings by verbal agreement for clearing a bore path for Clearpath Utilities to complete a bore on the Rice Job, at a cost of $10,000.  (*Id*. at ¶ 41.)  In addition, Plaintiff determined that its cost for labor on the Rice Rental was $15,000, and that a reasonable rate for equipment rental was $5,000 per month for four months, or $20,000.  (*Id*. at ¶¶42-44.)  Plaintiff submitted its bill for $45,000 to US Crossings on September 24, 2015 for the Rice Rental, but has not received any payment.  (*Id*. at ¶ 45; Ex. G to Am. Compl., [ECF No. 3-7](ECF No. 3-7).)  These factual allegations are set forth in Count V of the Amended Complaint in support of Plaintiff's breach of contract claim against US Crossings on the Rice Rental.

Alternatively, Plaintiff has also brought a claim for unjust enrichment against US Crossings, in the event the Court finds that a contract did not exist with regard to the Rice Rental.  *See*, generally, Count VI, Am. Compl.  In support of this claim, Plaintiff

---

[3] Plaintiff also asserts claims for conversion and promissory estoppel with regard to some of the jobs, but these claims are not being challenged in the motion to dismiss presently before the Court.

[4] The Rice Job refers to additional bores that Plaintiff drilled, as per its verbal agreement with US Crossings, which were to be part of the Whipkey to Tetco pipeline for Rice Poseidon Midstream, LLC in Richhill Township, Greene County, Pennsylvania.  (Am. Compl. ¶¶ 22-25.)

incorporates its previous allegations, and further alleges that it would be unjust to permit US Crossings to gain the benefit of the bargain without compensating Plaintiff for his agreed upon share. (Am. Compl., ¶¶ 46, 48.)

US Crossings has moved to dismiss the unjust enrichment claim brought against it in Count VI of the Amended Complaint with regard to the Rice Rental. Plaintiff has filed a response and brief in opposition. Thus, the motion is ripe for disposition.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Courts apply the following standard, as recently reiterated by the Court of Appeals:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted". . . . "To survive a motion to dismiss, a complaint must contain sufficient *factual matter, accepted as true*, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citation and internal quotation marks omitted) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Twombly, 550 U.S. at 556, 127 S.Ct. 1955, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. A complaint that pleads facts "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the Court of Appeals in *Connelly* reiterated the three-step process District Courts must undertake to determine the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are *well-pleaded factual allegations, [the] court should assume their veracity* and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (emphasis added).

*Id.* at 787. At the motion to dismiss stage, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss[,]" but need allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 788-89 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)) (footnote omitted).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint

5

may also be considered if the plaintiff's claims are based upon those documents. *Id.* A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

US Crossings seeks to dismiss the unjust enrichment claim pled in Count VI of the Amended Complaint on the basis that Plaintiff has failed to allege in that count that US Crossings has been unjustly enriched at Plaintiff's expense. Rather, US Crossings posits that Plaintiff seeks to recover "the benefit of the bargain" and demands compensation for its "agreed upon share."[5] US Crossings submits that these allegations are nothing more than a restatement of the breach of contract claim that appears in Count V, and, as such, does not set forth a legally sufficient claim for unjust enrichment.

In response, Plaintiff argues that while the language of paragraph 48—that Defendants gained the benefit of the "bargain"—may be unclear in a vacuum, the allegations and intent of Count VI are clear when read as a whole. Specifically, Plaintiff submits that Count VI makes clear that the conferred benefit of the use of the

---

[5] As US Crossings notes, it is not entirely clear what "share" Plaintiff is seeking to recover, but as the unjust enrichment claim set forth in Count VI specifically references the Rice Rental, and it is seeking the same money damages ($45,000) for unjust enrichment as the money damages sought for the breach of contract claim with regard to Rice Rental (Count V), it appears that the "agreed upon share" Plaintiff is referring to in paragraph 48 of the Amended Complaint is $45,000.

equipment and services of its employees was unjustly utilized and retained through the ultimate work product without fair compensation to Plaintiff.

Pennsylvania law on unjust enrichment has been summarized as follows:

> An unjust enrichment claim under Pennsylvania law requires a showing that (1) "the plaintiff conferred a benefit upon the defendant"; (2) "the defendant was aware of the benefit"; and (3) "the defendant's acceptance of the benefit occurred under circumstances in which it would be inequitable for [it] to retain the benefit without payment of the value thereof." *York Group, Inc. v. Pontone*, 2014 WL 896632, at *20 (W.D. Pa. March 6, 2014) (citing *Fabral, Inc. v. B&B Roofing Co., Inc.*, 773 F.Supp.2d 539, 549 n. 10 (E.D. Pa. 2011) (internal quotations omitted)).

*Avanti Wind Sys., Inc. v. Shattell*, Civ. A. No. 3:14-98, 2016 WL 3211990, at *19 (W.D.Pa. June 9, 2016) (Gibson, J.). Plaintiff maintains that it has set forth all three elements in Count VI—that Defendants received the benefits of labor and equipment of Plaintiff, that they accepted and utilized those benefits, and that it would be inequitable for them to fail to compensate the Plaintiff for those benefits so conferred.

Assuming, as it must, that the factual allegations in the Amended Complaint are true, the Court finds that Plaintiff has stated a plausible unjust enrichment claim against US Crossings in Count VI. When the Court takes into consideration, as a whole, the allegations incorporated by reference, as well as the new allegations set forth in Count VI, all three elements have been sufficiently pled.

First, the allegations clearly show that Plaintiff conferred a benefit upon US Crossings—Plaintiff provided to US Crossings: (1) a 312 Caterpillar hoe for four

7

months, (2) labor to clear a bore path for Clearpath Utilities, and (3) a crew of 2-3 employees for one month to assist US Crossings on the Rice Job. (Am. Compl., ¶¶ 40-42; Ex. G to Am. Compl.) As to the second element, it can reasonably be inferred that US Crossings was aware that Plaintiff performed these services, as they were provided pursuant to the alleged verbal agreement between Plaintiff and US Crossings, and Plaintiff submitted an invoice to US Crossings for these services at completion. (*Id.* at ¶¶ 40-41, 45; Ex. G to Am. Compl.)

Finally, the third element has been met because (1) Plaintiff alleges that it has not been compensated for its work (Am. Compl., ¶ 45); and (2) it can reasonable be inferred from the factual allegations that Plaintiff's performance of the agreed work allowed US Crossings to fulfill some or all of its contractual obligations to the project owner (Am. Compl., ¶¶ 22, 34).

Under these circumstances, it is plausible that US Crossings was unjustly enriched to the detriment of Plaintiff. Accordingly, the Court will deny the motion to dismiss the unjust enrichment claim set forth in Count VI.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Defendant US Crossings Unlimited, LLC's Motion to Dismiss (ECF No. 7) the unjust enrichment claim brought against it in Count VI of the Amended Complaint.

A separate order will follow.

Dated: May 11, 2017  BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:  All Counsel of Record
     *Via Electronic Mail*